**E-FILED**
Monday, 16 June, 2008  04:31:04 PM
Clerk, U.S. District Court, ILCD

IN THE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

JEFFREY A. HARGETT,                          )
          Plaintiff,                       )
                                 )

- VS -                                       )

ROD BLAGOJEVICH, CAROL ADAMS,                )  CASE # 08-3133
ILLINOIS DEPARTMENT OF HUMAN                 )
SERVICES, THOMAS MONAHAN, BETH               )
MAY, DARRELL SANDERS, EUGENE                 )
McADORY, STEVEN STROCK, JACK                 )
GRAHAM, CPT. TRIBBLE, and any                )
other unknown, unnamed defendant(s)          )
who may be found through discovery           )
to have participated in the events           )
complained of herein,                        )
                                             )
                                             )
              Defendants.                 )

FILED
JUN 11 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

# COMPLAINT

This is a civil complaint brought pursuant to the following Statutes:

42 USC §1983, Title II of the Americans with Disabilities Act, Civil Rights of Institutionalized Persons Act, §504 of the Rehabilitation Act, and any other statutory provisions which provide for remedy for the violations complained of herein, including

but not limited to, pendent jurisdiction of any and all state law torts, claims, or other actions as supported by the facts herein, as well as any and all other unknown federal torts, claims or other actions supported by the facts alleged herein.

Jurisdiction is predicated on 28 USC §1331, a civil action arising under the United States Constitution and other federal law.

## II. PARTIES

1.) Plaintiff JEFFREY ALAN HARGETT was involuntarily civilly committed into the custody of the Illinois Department of Human Services ("DHS") pursuant to, and after proceedings, under, the Illinois Sexually Violent Persons Commitment Act (725 ILCS 207/1 et. seg.) ("the Act") on March 6, 2006. Following further proceedings, the Circuit Court ordered that Plaintiff be incarcerated in a secure facility on November 6, 2006. However, Plaintiff has been continuously held incarcerated by DHS since he arrived at DHS's Sexually Violent Persons Treatment and Detention Facility ("TDF") located on the grounds of the Sheridan Correctional Center on March 3, 2000.

2.) Defendant Rod Blagojevich is the Governor of the state of Illinois and in overall charge of the enforcement of the laws of this state, among other duties. At all times pertinent hereto, he was acting under the color of state law. Mr. Blagojevich is sued in both his personal and official capacities. His current business address is 207 State House, Springfield, Illinois 62706.

3.) Defendant Carol Adams is the Secretary of the Illinois Department of Human Services ("DHS") and the chief administrative officer of the DHS. Defendant Adams is sued in both her individual

-2-

and official capacities. Her current business address is 100 South Grand Avenue East, 3d Floor, Springfield, Illinois 62762. At all times pertinent hereto, Defendant Adams was acting under color of state law.

4.) The Defendant Illinois Department of Human Services is an agency of the State of Illinois. This agency is _not_ sued under $1983, but _is_ sued under $504 of the Rehabilitation Act. As an agency of the state, _all_ actions thereby are actions under the color of state law, and this agency is sued in its official capacity.

5.) Defendant Thomas Monahan was the Facility Director of the DHS TDF during the time period when the events complained of herein occurred. He is sued in both his personal and official capacities. At all times pertinent hereto, Defendant Monahan was acting under the color of state law. Mr. Monahan has since left his position with DHS, to the best of Plaintiff's Knowledge and belief, and his current business address is unknown to the Plaintiff.

6.) Defendant Beth May was the Assistant Facility Director during the time period when the events complained of herein took place. She is sued in both her individual and official capacities. At all times pertinent hereto, Ms. May was acting under the color of state law. To the best of Plaintiff's Knowledge and belief, Ms. May has since left her position with DHS and her current business address is unknown to the Plaintiff.

7.) Defendant Daryl Sanders was the Security Director of the DHS TDF during the time period when the events complained of herein took place. To the best of Plaintiff's Knowledge and belief, Mr. Sanders has since left his position with DHS and his current business address is unKnown to the Plaintiff. Mr. Sanders is sued in both his personal and official capacities. At all times pertinent hereto, Mr. Sanders was acting under the color of state law.

8.) Eugene McAdory is the current Security Director of the DHS TDF. During the time period when the events complained of herein took place, Mr. McAdory was the assistant Director of Security of the DHS TDF. He is sued in both his individual and official capacities. At all times pertinent hereto, Mr. McAdory was acting under the color of state law. Mr. McAdory's current business address is DHS TDF, RR1 Box 6A, Horney Branch and County Farm Road, Rushville, Illinois 62681.

9.) Defendant Steve Strock was a Public Safety Administrator at the DHS TDF during the time period when the events complained of herein took place. Mr. Strock may still be employed by DHS, but he is not employed by or at the DHS TDF to the best of Plaintiff's Knowledge or belief. As such, his current business address is unKnown to the Plaintiff. Mr. Strock is sued in both his personal and official capacities. At all times pertinent hereto, Mr. Strock was acting under the color of state law.

10.) Jack Graham was a Security Therapy Aid IV at the DHS TDF during the time period when the events complained of herein took place. He is sued in both his personal and official capacities. Mr. Graham may still be employed by DHS but he is not, to the best of Plaintiff's Knowledge or belief, employed at the DHS TDF. As such his current business address is not Known to the Plaintiff. Mr. Graham is sued in both his

individual and official capacities. At all times pertinent hereto, Mr. Graham was acting under the color of state law.

11.) Defendant _____ Tribble was a Security Therapy Aid IV at the DHS TDF during the time period in which the events complained of herein took place. Mr. Tribble may still be employed by DHS, but, to the best of Plaintiff's Knowledge and belief, Mr. Tribble is no longer employed at the TDF. As such, Plaintiff has no Knowledge as to Mr. Tribble's current business address. Mr. Tribble is sued in both his personal and official capacities. At all times pertinent hereto, Mr. Tribble was acting under the color of state law.

12.) Plaintiff hereby names any and all individuals, who are currently unknown to him, who may be found through discovery to have participated in the events complained of herein.

## III. LITIGATION HISTORY

A. I have not brought any other lawsuits in state or federal court dealing with the same facts involved in this case.

B. I have brought other lawsuits in federal court while incarcerated.

C. I have brought __3__ lawsuits in federal court during my incarceration.

1. Name of Case, Court and Docket Number: Hargett v. Wilson, et. al. U.S. District Court, Southern District of Illinois Case # 00 CV 3392
2. Basic claim made: That various I.D.O.C. and DHS employees violated Plaintiff's 8th and 14th Amendment rights by being deliberately indifferent to Plaintiff's serious medical needs.

-5-

individual and official capacities. At all times pertinent hereto, Mr. Graham was acting under the color of state law.

11.) Defendant _____ Tribble was a Security Therapy Aid IV at the DHS TDF during the time period in which the events complained of herein took place. Mr. Tribble may still be employed by DHS, but, to the best of Plaintiff's Knowledge and belief, Mr. Tribble is no longer employed at the TDF. As such, Plaintiff has no Knowledge as to Mr. Tribble's current business address. Mr. Tribble is sued in both his personal and official capacities. At all times pertinent hereto, Mr. Tribble was acting under the color of state law.

12.) Plaintiff hereby names any and all individuals, who are currently unknown to him, who may be found through discovery to have participated in the events complained of herein.

## III. LITIGATION HISTORY

A. I have not brought any other lawsuits in state or federal court dealing with the same facts involved in this case.

B. I have brought other lawsuits in federal court while incarcerated.

C. I have brought __3__ lawsuits in federal court during my incarceration.

1. Name of Case, Court and Docket Number: Hargett v. Wilson, et. al. U.S. District Court, Southern District of Illinois Case # OO CV 3392
2. Basic claim made: That various I.D.O.C. and DHS employees violated Plaintiff's 8th and 14th Amendment rights by being deliberately indifferent to Plaintiff's serious medical needs.

-5-

B. No, I have not filed a grievance concerning the facts relating to this complaint.

Why Not? #1) Because I am a civil detainee under the SVP Act, and am not subject to the provisions of the Prison Litigation Reform Act; But more importantly, because there is no relief available through the grievance process here for the actions complained of; The grievance process at this facility (meaning the Rushville TDF) has proven over the last 2 years to be a farce, a rubber stamp for the administration, and completely ineffective and one-sided. Even grievances with substantial amounts of evidence included have been routinely denied, and, almost unanimously, inmates of this facility have absolutely zero confidence in its grievance process.

C. The grievance process has not been used and is, therefore, incomplete.

# V. Statement of Claim

Place(s) of the occurrence: Joliet DHS TDF
Date(s) of the occurrence: June 19, 2006

# FACTS OF THE CASE

13.) Plaintiff is an involuntarily civilly committed person pursuant to the Illinois Sexually Violent Persons Commitment Act ("SVP Act" or "The Act") and is currently held incarcerated by the Illinois Department of Human Services ("DHS") at it Treatment and Detention Facility ("TDF") located in Rushville, Illinois.

-7-

14.) Prior to his transfer to the Rushville TDF on June 19, 2006, Plaintiff was held and housed at the TDF located in Joliet, Illinois.

15.) All persons committed pursuant to the Illinois SVP Act are eligible for, and entitled to, sex offender specific treatment until such time as the person is no longer a sexually violent person.

16.) Plaintiff began "Core Group", which consists of 15 hours per week of intensive sex-offender-specific treatment in a group setting, in 2004 and has been in core group consistently since then.

17.) On information, belief and subsequent events, it was determined, sometime in early 2006, by DHS executive personnel, that the entire SVP program would be moved to the Rushville TDF location, and the Joliet TDF closed, by August, 2006 with said move to be completed in three (3) phases.

18.) The first phase consisted of transferring 25 inmates to the Rushville TDF on May 9, 2006 for the purpose of assisting in the final stages of preparing that facility for the rest of the SVP inmates to arrive there in two (2) stages.

19.) The second phase consisted of the transfer of all of those inmates who were not in core group therapy to the Rushville TDF. That group of inmates was transferred from Joliet to Rushville on Monday, June 19, 2006.

20.) That there was no core group treatment available

at the Rushville TDF on June 19, 2006, nor was any available until late August, 2006.

21.) The 3d and final phase of transfers was to consist of the rest of the inmates remaining at the Joliet TDF, all of whom were supposed to be core-group-therapy participants, and was completed on August 7, 2006.

22.) Despite the fact that Plaintiff was at that time, and had been for about two (2) years prior to that time, a core-group therapy participant, instead of being transferred on August 7, 2006 with all of the other core-group participants, he was transferred on June 19, 2006, with the sole reason for the premature transfer being given by defendants Strock, Graham and Tribble as that there was "no place big enough for Plaintiff" in the "new building" at the Joliet TDF.

23.) In transferring Plaintiff some 45 days before he was supposed to be transferred, the defendants deprived Plaintiff of any and all participation in core group therapy.

24.) In lieu of the core group treatment to which Plaintiff was entitled, because he was transferred before the rest of those in core group, Plaintiff was forced to accept make-shift, alternative treatment which was _not_ sex-offender-specific, and which consisted of only one (1) hour per week of one-on-one treatment with the sole mental health professional at the Rushville TDF prior to the arrival of the rest of the core-group participants on August 7, 2006.

25.) Plaintiff's premature transfer ahead of the other core-group-participating inmates was done over, and in spite of, all of Plaintiff's vociferous objections and protests, and, according to defendants Strock, Graham, Tribble and May; and Plaintiff's Primary Therapist Tom Speaker; and Plaintiff's Group Facilitator Ms. Lavaux, the sole and only reason for transferring Plaintiff before the rest of those participating in core group, also, was that DHS had no place big enough in "the new building" to house the Plaintiff.

26.) In transferring Plaintiff prematurely and separately from the rest of the core group participants, the defendants violated Title II of the Americans with Disabilities Act in the following respects:

   a.) The defendants removed Plaintiff from, and denied Plaintiff access of any kind to, core-group programs, to which he was entitled under the law; and

   b.) The defendants forced an alternative treatment regimen on the Plaintiff which was neither equivalent to that which Plaintiff was removed from and denied access to, and to which Plaintiff did not agree.

27.) Plaintiff is a disabled person as defined under the Americans with Disabilities Act.

28.) On information obtained directly from the persons named in paragraph 25, supra, Plaintiff's premature transfer occurred solely and as a direct result of his disability.

29.) Further aggravating circumstances exist in the above-captioned cause as follows:

    a.) Plaintiff has been in the custody of DHS since March 3, 2000;

    b.) Defendants were well aware of Plaintiff's disability and of his special housing needs since that time;

    c.) When defendants engaged in a course of new construction in 2001 (which resulted in what came to be called "the new building"), they built not one, single handicapped-accessible cell, nor did they create one subsequently.

## VI.
## PERSONAL KNOWLEDGE AND INVOLVEMENT

30.) Defendant Rod Blagojevich: Plaintiff wrote a letter to this defendant, in which he asked that his transfer be reversed, and which was mailed by first-class, United States Mail on June 19, 2006. Plaintiff has never received a response of any kind to that letter.

31.) Defendant Carol Adams: As with defendant Blagojevich, Plaintiff wrote a letter to this defendant in which he asked this defendant to help reverse his premature transfer, and mailed that letter to her on June 19, 2006. As with defendant Blagojevich, Plaintiff has never received a response of any kind to that letter.

32.) Defendant Illinois Department of Human Services: DHS is not sued under a statute in which a defendant is required

-11-

to be a real person, or to have personal knowledge and involvement in the events complained of. DHS is sued pursuant to §504 of the Rehabilitation Act under which state agencies may be sued directly.

33.) <u>Defendant Thomas Monahan</u>: On Friday, June 16, 2006 Tom Speaker, Plaintiff's Primary Therapist, told Plaintiff directly that this defendant had told Mr. Speaker that he (Monahan) was not going to stop the premature transfer of Plaintiff because they had no place in "the new building" to house the Plaintiff but they did have one at Rushville.

34.) <u>Defendant Beth May</u>: Plaintiff spoke directly to this defendant on June 16, 2006 and asked for her help in stopping the premature transfer of the Plaintiff. Ms. May refused.

35.) <u>Defendant Darrell Sanders</u>: Plaintiff was told by defendant Strock that this defendant had decided not to stop the premature transfer of the Plaintiff. This information was conveyed to the Plaintiff on Friday, June 16, 2006.

36.) <u>Defendant Eugene McAdory</u>: Plaintiff spoke personally with this defendant and requested his help in stopping the premature transfer of the Plaintiff on Friday, June 16, 2006. This Defendant said that he would "look into it" and get back to the Plaintiff on that same day. Plaintiff got no response whatsoever.

37.) <u>Defendant Steven Strock</u>: This is the first DHS staff member to whom Plaintiff talked about the fact that he would be deprived of core group if the then-pending transfer on June 19, 2006. That conversation took place on Wednesday, June 14, 2006. Plaintiff also spoke with this defendant June 15, 16 and 19, 2006.

-12-

38.) Defendant <u>Jack Graham</u>: Plaintiff spoke personally with this defendant at least four (4) times on the morning of Monday, June 19, 2006, asking this defendant to stop Plaintiff's premature transfer. Mr. Graham refused each time.

39.) Defendant <u>Captain Tribble</u>: Plaintiff personally spoke with this defendant on Friday, June 16, 2006 and asked for his help in stopping Plaintiff's premature transfer. Defendant Tribble refused, stating that there was no place in the new building to house the Plaintiff.

40.) Each and every one of the defendants had the power and authority to stop Plaintiff's premature transfer yet failed and/or refused to stop that transfer knowing full well that:

   a.) Plaintiff was and had been in core group for a substantial period of time; and

   b.) If Plaintiff was transferred on June 19, 2006 he would be denied any and all access to core group programming for a minimum of about a month and a half.

# VII

# RELIEF REQUESTED

Plaintiff hereby requests the following relief:

   1. <u>Declaratory Judgement</u>: That this Honorable Court will enter and issue a Declaratory Judgement that the conduct complained of herein violated Plaintiff's rights as well as Title II of the ADA, C.R.I.P.A., ~~Title~~ §504 of the

-13-

Rehabilitation Act, and any other statutory provisions which provide for relief for the violations complained of herein including but not limited to pendent jurisdiction of any and all state law torts, claims or other actions as supported by the facts herein, as well as any and other unknown federal torts, claims or other actions supported by the facts alleged herein;

2. Award Plaintiff his costs and reasonable attorney fees;

3. Award Plaintiff compensatory damages in excess of $50,000.00; and

4. Enter such other and further relief as this Honorable Court deems just and equitable.

Dated: June 9, 2007

Respectfully submitted,

Jeffrey Alan Hargett
Horney Branch and County Farm Road
RR1, Box 6A
Rushville, Illinois 62681
No telephone available