UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JEFFREY A. HARGETT,

       Plaintiff,

                                      08-3133

CAROL ADAMS et al.,

       Defendants.

## Case Management Order

       The plaintiff, currently detained at Rushville Treatment and Detention Center, pursues a claim under the Americans with Disabilities Act. On December 15, 2008, the court set a discovery deadline of June 30, 2009, with dispositive motions due at the end of this month, July 31, 2009.

       On July 2, 2009, the plaintiff filed a motion to extend discovery to the end of this year (d/e 27), a motion to appoint counsel (d/e 26) and a motion to depose witnesses at the court's expense (d/e 28).

       The plaintiff gives no good cause for an extension of discovery. He does not explain what discovery efforts, if any, he has made in the last six months. Although the plaintiff was unable to depose witnesses, he could have conducted written discovery to the defendants. The plaintiff's motion for an extension of discovery is therefore denied.

       The plaintiff's motion for appointment of counsel is also denied (d/e 26), because he has not demonstrated what reasonable efforts he made to obtain counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)(court's analysis on motion for appointment of counsel is: "1) has the indigent plaintiff has made reasonable attempts to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"). Typically, a plaintiff demonstrates reasonable efforts to obtain counsel by writing to several different law firms and attaching to the motion for appointment of counsel the responses by those law firms. The plaintiff states in his motion that he has contacted attorneys and is awaiting their responses. Those allegations are not sufficient in the court's view to demonstrate a reasonable effort to obtain counsel. The plaintiff may renew his motion when he receives the responses; if he receives no response, he may renew his motion with copies of the letters that he sent.

       The plaintiff's motion to depose witnesses at the court's expense is also denied (d/e 28). Even if discovery were re-opened, the court cannot fund an indigent plaintiff's lawsuit, other than the help that is statutorily authorized, such as waiving the filing fee and effecting service for the plaintiff.

IT IS THEREFORE ORDERED:

1) The plaintiff's motion for appointment of counsel is denied (d/e 26).

2) The plaintiff's motion for extension of time to complete discovery is denied (d/e 27).

3) The plaintiff's motion to depose witnesses at the court's expense is denied (d/e 28).

Entered this <u>16th</u> Day of July, 2009.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE
